| STATE OF INDIANA | ) | IN THE NOBLE SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF NOBLE | ) | CAUSE NO. 57D01-0507- |

STEPHANIE L. CRAVEN,

      Plaintiff(s),

v.

NOK INCORPORATED d/b/a
FREUDENBERG-NOK GENERAL
PARTNERSHIP d/b/a VIBRACOUSTIC
N.A. (a division of FREUDENBERG
NOK),

      Defendant(s).

57D01- 0507 -PL- 017

FILED
JUL 26 2005
Cindy Myers
CLERK NOBLE SUPERIOR COURT
DIVISION 1

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff brings this claim for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, seeking to recover allegedly unpaid overtime wages, as well as liquidated damages and attorney's fees.

2. Plaintiff was employed by Defendant as a "salaried" customer service representative from about July 15, 2002, to about June 24, 2005, at which time Plaintiff was terminated.

3. Plaintiff worked as a customer service representative/shipper/expediter--she contacted customer's logistics companies to get trucks to ship product to customers; Plaintiff transferred information to and between dispatchers and customers to ensure that goods were shipped in a timely fashion.

4. The Defendant is NOK Incorporated, d/b/a "Freudenberg-NOK General Partnership", an automotive supplier, located at 1497 Gerber St., Ligonier, Indiana

1

**Exhibit A**

46767; Defendant is headquartered at 47690 E. Anchor Ct., Plymouth, Michigan 48170, with an entity address of 303 Peachtree St. NE, #2000, Atlanta, Georgia 30308; its resident agent is CT Corporation System, 251 E. Ohio Street, Suite 1100, Indianapolis, Indiana 46204; Defendant is an "employer" under the FLSA and has a duty to pay overtime compensation to the Plaintiff and others like her who was not employed in a bona fide executive, administrative, or professional capacity.

5. Plaintiff had no supervisory obligations; Plaintiff had no discretion; Plaintiff was not responsible for the operations of Defendant's offices; Plaintiff reported to supervisors; Plaintiff did not have a professional degree; Plaintiff did not run the business nor did Plaintiff determine its overall course or policies; Plaintiff was primarily engaged in the business of transferring information between and among buyers, expediters, shippers, and dispatchers for the purpose of ensuring timely and accurate shipment of product to Defendant's customers.

6. Plaintiff's primary job duties included contacting customers' logistics departments, tracking the load, and getting the product manufactured by the Defendant transported to customers.

7. To the extent that Plaintiff exercised any discretion or judgment, it was with respect to matters that were inconsequential--Plaintiff followed guidelines in choosing a customer's logistics company and had to use certain expediters to accomplish the goal of getting product shipped; Plaintiff had to refer everything of consequence to a supervisor (for example, a quality issue had to be referred on to a supervisor and Plaintiff had no authority or discretion or judgment to resolve

such issues).

8. Plaintiff routinely worked overtime for the Defendant and was never paid overtime compensation. Plaintiff estimates that she worked approximately fifteen (15) hours a week overtime for the Defendant (particularly during the last two years of her employment with Defendant), and Plaintiff claims that she should have been paid overtime compensation at the rate of one and a half times her regular hourly rate (computed by taking her weekly salary divided by forty hours [Plaintiff started making Thirty-Eight Thousand Dollars ($38,000.00) a year, and then went to Thirty-Nine Thousand Dollars ($39,000.00) a year, and in her third and final year made Forty Thousand Dollars ($40,000.00) a year for Defendant]).

9. Plaintiff was required to work at least fifty-five (55) hours per week, and Defendant knew that Plaintiff was working fifty-five (55) hours per week to get the job done. Defendant never paid Plaintiff overtime compensation for any hours worked past forty (40) hours per week.

10. Plaintiff alleges that Defendant's failure to pay Plaintiff overtime was intentional and willful such that Plaintiff is entitled an award of liquidated damages pursuant to 29 U.S.C. §216 (a). Defendant either knew or showed reckless disregard for Plaintiff's entitlement to overtime (in fact, Defendant had Plaintiff sign a contract indicating that she was "exempt" when Defendant knew that Plaintiff was non-exempt).

WHEREFORE, Plaintiff prays for judgment against the Defendant, for overtime compensation under the FLSA, for liquidated damages, for reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

/s/ Christopher C. Myers

Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, Indiana 46802
(260) 424-0600
Attorneys for Plaintiff

/cdc
S:\Craven, Stephanie\Complaint w corrections.ftm